UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MACROMEX SRL,<br><br>         Plaintiff,<br><br>  v.<br><br>GLOBEX INTERNATIONAL, INC.,<br><br>         Defendant. | Case No. 08-cv-00113-SAS<br><br>**CROSS-PETITION TO VACATE ARBITRATION AWARD** |

  Cross-petitioner and respondent Globex International, Inc. ("Globex"), in accordance with 9 U.S.C. § 10(4), hereby cross-petitions to vacate the final arbitration award dated December 12, 2007 as amended on December 27, 2007 ("Final Award") in favor of petitioner Macromex Srl ("Macromex"). The Final Award must be vacated because it manifestly disregards the governing law and irrationally awards breach-of-contract damages precluded by the arbitrator's liability ruling. In support of its cross-petition Globex incorporates the exhibits (labeled alphabetically) appended to Macromex's petition to confirm the Final Award and appends additional exhibits as set forth in the Sterken Declaration in support of Globex's cross-petition to vacate the Final Award (identified numerically).

## THE PARTIES

  1.  Globex is a New York corporation with its principal place of business in New York, New York and is engaged in the business of exporting commodities including frozen chicken from the United States.

  2.  Macromex is a Romanian corporation with its principal place of business in Bucharest, Romania and is engaged in the business of importing frozen chicken into Romania.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(2) and venue is proper under 9 U.S.C. § 10.

## CLAIM FOR RELIEF

### The Purchase-and-Sale Contracts

4. The Final Award concerns a series of purchase-and-sale contracts dated April 14, 2006 ("Contracts") whereby Globex sold to Macromex a total of 112 ocean-shipping containers of frozen chicken leg quarters produced in the United States. (*See* Ex. A.)

5. The Contracts are governed by the United Nations Convention on Contracts for the International Sale of Goods ("CISG") and provide for arbitration in New York before the American Arbitration Association/International Centre for Dispute Resolution ("ICDR").

6. The terms of sale were "CIF Constanta, Romania," which required Globex to ship the product to Macromex in Romania ("Delivery Terms").

### The Romanian Import Ban

7. On June 4, 2007, while Globex was performing the Contracts by shipping containers of US-origin chicken to Constanta, the Romanian government, without notice, imposed an import ban that prohibited the import into Romania of US chicken products as of June 7, 2007.

8. The ban prevented Globex from shipping to Macromex a total of 42 containers.

### Macromex's Arbitration Demand

9. On August 22, 2006, Macromex demanded arbitration, claiming that Globex owed breach-of-contract damages amounting to the principal sum of $608,323, plus interest, costs and fees.

10.     It developed that Macromex's purported damages were grounded in lost resale profits in Romania, even though the import ban precluded Globex from shipping to Romania the 42 containers shut out by the ban.

### The Arbitration

11.     The ICDR duly appointed Philip D. O'Neill, Jr., Esq., as sole arbitrator.

12.     On June 4-6, 2007, Mr. O'Neill held hearings in New York, New York.

### The First Interim Award

13.     On August 7, 2007, the arbitrator issued the first of two interim awards, awarding Macromex damages in the principal amount of $608,323, plus interest, legal fees and costs ("First Interim Award"). (*See* Ex. B.)

### Globex's Request for Interpretation

14.     On August 20, 2007, Globex filed a Request for Interpretation ("Request"). (*See* Sterken Decl. Ex. 8.)

15.     In that Request Globex explained the serious error in the First Interim Award, *i.e.*, the ruling against Globex based on the analogy drawn by the arbitrator based on CISG Article 7(2) and UCC § 2-614 that disregarded the text and Official Uniform Commentary of UCC § 2-614 and the illogical and irrational award of Romanian-based net-lost-profit damages for shipments purportedly to be sent to a country other than Romania.

### The Post-Award Hearing

16.     On October 9, 2007, the arbitrator held a hearing on Globex's Request. In that hearing Globex again explained why the arbitrator's liability and damages rulings manifestly disregarded the governing law. Globex also explained that the only record evidence of an alternative destination where the containers might have been shipped was the Republic of

Georgia where theoretical net-lost-profit damages would have amounted to $379,890. (*See* Sterken Decl. Ex. 11.)

The Second Interim Award & Post Hearing Order No. 1

17. On October 23, 2007, the arbitrator issued a second interim award ("Second Interim Award") that restated the liability and damages rulings in the First Interim Award. In the Second Interim Award the arbitrator awarded Macromex $608,323 based on Romanian market prices, plus interest, attorney's fees and costs. (*See* Ex. C.)

18. The Second Interim Award was accompanied by a "Post Hearing Order No. 1" constituting the arbitrator's ruling on Globex's Request. (*See* Ex. C.) The Post-Hearing Order No. 1 directed certain revisions to the First Interim Award that according to the arbitrator produced no substantive change in the result.

Final Award

19. On December 12, 2007, the arbitrator issued the Final Award in which he awarded Macromex pre-award interest, attorney's fees consisting of 25% of the damages awarded against Globex (based on the 25% contingent-fee terms of Macromex's instructions with its lawyers), and all arbitration costs. (*See* Ex. D.)

20. The Final Award (as amended on December 27, 2007) directs Globex to pay Macromex the total sum of $885,982.92, which includes:

- $608,323 (the principal amount of the Second Interim Award)
- $38,689.34 (pre-judgment interest)
- $161,752.34 (legal fees);
- $28,519.47 (non-ICDR costs); and
- $48,698.77 (the net balance of the total costs awarded against Globex, including $85,000 to the ICDR and $71,748.77 to the arbitrator).

WHEREFORE cross-petitioner Globex respectfully urges the Court:

A. To grant Globex's cross-petition and vacate the Final Award.

B. Alternatively, to grant Globex's cross-petition in part and vacate parts (1), (2), and (3) of Section C of the Final Award that direct Globex to pay Macromex the Romanian-based damages and corresponding interest and fees, and remand the matter to the arbitrator to determine Macromex's proper recoverable damages based on market prices in the Republic of Georgia, the only alternative market where the record evidence indicates the containers might have been shipped.

Dated: New York, New York
February 12, 2008

DLA PIPER US LLP

By: _____
Stanley McDermott III
Sarah J. Sterken
1251 Avenue of the Americas
New York, New York 10020
T (212) 335-4695
F (212) 884-8595
stanley.mcdermott@dlapiper.com
sarah.sterken@dlapiper.com
*Counsel to Globex International, Inc.*